1  Keri Curtis Axel (Bar No. 186847)
    kaxel@waymakerlaw.com
2  Emily R. Stierwalt (Bar No. 323927)
3    estierwalt@waymakerlaw.com
   WAYMAKER LLP
4  515 S. Flower Street, Suite 3500
5  Los Angeles, California 90071
   Telephone: (424) 652-7800
6  Facsimile:  (424) 652-7850

7

8  *Attorneys for Defendant Jerry P. Feldman*

9

10

11                    **UNITED STATES DISTRICT COURT**

12      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

13

14  UNITED STATES OF AMERICA,            Case No. SA CR 16-00076-JVS

15              Plaintiff,               **PETITION FOR WRIT OF ERROR
16                                        CORAM NOBIS AND
                                          MEMORANDUM OF POINTS AND
17      v.                                AUTHORITIES IN SUPPORT
                                          THEREOF**
18  GILBERT N. MICHAELS, et al.,

19              Defendants.

20

21

22

23

24

25

26

27

28

PETITION FOR WRIT OF ERROR CORAM NOBIS AND MEMORANDUM OF POINTS AND AUTHORITIES

**TO:    THE UNITED STATES ATTORNEY FOR THE CENTRAL DISTRICT
OF CALIFORNIA:**

PLEASE TAKE NOTICE that Jerry Feldman, through his counsel Keri Curtis Axel, at a time to be designated by the court, will, and hereby does, request the Court to issue a writ of error coram nobis permitting him to withdraw his guilty plea and vacating his conviction of violating 18 U.S.C. § 1341 2(a)-(b) (mail fraud).  Mr. Feldman's request for the writ is made on the following grounds: (1) a more usual remedy for relief from the conviction is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) the stigma of his felony conviction coupled with his age hinders his ability to obtain work and this constitutes adverse consequences stemming from his conviction that are sufficient to satisfy the case or controversy requirement of Article III of the United States Constitution; and (4) the error on which his conviction is based, a misinterpretation of the law recently clarified by new case law, is an error of the most fundamental character.

This request is made pursuant to the All Writs Act, 28 U.S.C. § 1651(a), and is based on the attached memorandum of points and authorities, the files and records of the United States District Court for the Central District of California in case number CR-16-00076; all other matters of which the Court may take judicial notice; and any argument or evidence that may be presented to or considered by the Court before its ruling.

DATED:  July 8, 2024                    WAYMAKER LLP


By:  /s/ Keri Curtis Axel
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
     KERI CURTIS AXEL
     *Attorneys for Defendant Jerry P. Feldman*

PETITION FOR WRIT OF ERROR CORAM NOBIS AND MEMORANDUM OF POINTS AND AUTHORITIES

1

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................... 1

II.  STATEMENT OF FACTS ........................................................................................ 1

III. PROCEDURAL BACKGROUND .......................................................................... 3

IV.  LEGAL STANDARD ............................................................................................... 6

V.   ARGUMENT .............................................................................................................. 6

   A.   A Writ of Error Coram Nobis Is Mr. Feldman's Only  Available Avenue for Relief ......................................................................................................... 6

   B.   Mr. Feldman Could Not Have Attacked the Conviction On This Basis Before April 2024 ................................................................................................ 7

   C.   Mr. Feldman Is Subject to Adverse Consequences From This Erroneous Felony Conviction .............................................................................................. 7

   D.   The Failure to Allege or Charge Any Offense Is of the Most Fundamental Character Because Mr. Feldman's Acts Were Not Criminal ...................... 8

VI.  CONCLUSION ........................................................................................................... 9

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PETITION FOR WRIT OF ERROR CORAM NOBIS AND MEMORANDUM OF POINTS AND AUTHORITIES

1

# **TABLE OF AUTHORITIES**

2

**Cases**

3

*Estate of McKinney v. United States*,
    71 F.3d 779 (9th Cir. 1995) ...................................................................................6

*Hirabayashi v. United States*,
    828 F.2d 591 (9th Cir. 1987) ...............................................................................6

*Sibron v. New York*,
    392 U.S. 40 (1968).................................................................................................7

*Telink, Inc. v. United States*,
    24 F.3d 42 (9th Cir. 1994) .....................................................................................7

*United States v. Chan*,
    792 F.3d 1151 (9th Cir. 2015) ...............................................................................6

*United States v. Esogbue*,
    357 F.3d 532 (5th Cir. 2004) .................................................................................7

*United States v. Hansen*,
    906 F. Supp. 688 (D.D.C. 1995)........................................................................6, 7

*United States v. Kwan,*
    407 F.3d 1005 (9th Cir. 2005)...............................................................................6

*United States v. Morgan*,
    346 U.S. 502 (1954).............................................................................................6

**Statutes**

18 U.S.C. § 1341................................................................................................ 3, 4

28 U.S.C. § 2255...................................................................................................6

28 U.S.C. § 1651……………………………………………………………….6

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ii

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

As this Court previously noted, it is troublesome that "none of the defendants who went to trial" are "convicted felons while the others remain convicted felons." Jerry Feldman was an employee of GNM Financial (dba IDC Servco).  He took his directions from Defendant Gilbert Michaels and, as this Court has already found, he had no decision-making authority and did not profit from the scheme.  Based on his role, the United States Probation Office ("USPO") ultimately determined that he was "substantially less culpable than the average participant."  Despite this, at this point, Mr. Feldman is saddled with a felony conviction, while the defendants who went to trial are not.  To rectify this grave injustice, Mr. Feldman respectfully requests that this Court vacate his conviction through this writ of error coram nobis.

This Court has broad equitable power to order relief under a writ and the Court should grant Mr. Feldman's petition.  While writ of error coram nobis is not a typical remedy, it is appropriate in this extraordinary case when considering that defendants who cooperated with the government are being punished more harshly than the defendants who went to trial.  Mr. Feldman's conviction should also be overturned through this writ because (1) Mr. Feldman cannot seek to have his conviction overturned through a more usual remedy because he is not in custody and has fully served his sentence; (2) he could not have sought to overturn his conviction before the Ninth Circuit ruled in April of 2024, and has not unreasonably delayed in seeking this relief; (3) he suffers adverse consequences from his felony conviction; and (4) the government failed to bring a case that constituted any crime.

**II.     STATEMENT OF FACTS**

Mr. Feldman is 69 years old.  *See* Dkt. 1450 at 2.  He is currently retired and living off of Social Security.  *Id*. at ¶ 161.  He lives a modest life, but his expenses exceed his Social Security income every month.  *Id*. at ¶ 164.  He is exploring

1   opportunities to make additional income for his family and recently obtained his

2   associates degree.

3        Mr. Feldman is a man of good character.  *Id.* at ¶ 143.  However, he has not

4   had an easy life and has spent the majority of his life as a caregiver for his mother,

5   who had advanced dementia for 11 years before her death; his brother, who suffers

6   from severe mental illness and substance abuse; his wife, who was diagnosed with

7   cancer in 2009 and continues to receive regular screenings; and a grandchild, who

8   has autism.  *Id.* at ¶¶ 125-132.  Mr. Feldman also "has a history of poor health"

9   dating back to 1990.  *See generally id.* at ¶ 145-153.  Despite his challenges, Mr.

10  Feldman did whatever he could to support himself and his family.  *See id.* at ¶ 141.

11       Mr. Feldman worked with IDC Servco from 1978 to July 1, 2016.  *Id.* at ¶¶

12  73, 139.  Defendant Gilbert Michaels was the CEO and president of IDC Servco and

13  Mr. Feldman was the vice president. *Id.* at ¶ 41.  The company was responsible for

14  invoicing and fulfilling orders of toner for the independent telemarketing businesses

15  (herein referred to as "independent sales companies" or "ISCs").  *Id.* at ¶ 42.  The

16  ISCs were responsible for selling the toner.

17       Although Mr. Feldman possessed the title of vice president, he "was a

18  salaried employee of IDC Servco, who carried out Mr. Michael's instructions."  *Id.*

19  at ¶ 106.  He "had no decision-making authority in the company, nor did he

20  influence the exercise of decision-making authority" or direct the behavior of his

21  codefendants.  *Id.* at ¶¶ 106-107.  In his role, Mr. Feldman performed "various

22  functions at IDC SERVCO, including implementing and overseeing the process of

23  tracking and analyzing consumer complaints" and managing "various corporate

24  management functions, such as insurance and human resources."  *Id.* at ¶ 74.  Mr.

25  Feldman was not responsible for selling toner to businesses.

26       The USPO determined that "Michaels was the most culpable participant as he

27  created the scheme, participated in [it] during its entirety, recruited the

28  codefendants, directed others on how to carry out the scheme, and presumably

2

PETITION FOR WRIT OF ERROR CORAM NOBIS

1   profited the most." *Id*. at ¶ 105.  Mr. Feldman was the "least culpable" and

2   "substantially less culpable than the average participant." *Id*. at ¶¶ 106.

3   **III.   PROCEDURAL BACKGROUND**

4        On June 1, 2016, the government filed an indictment naming 23 codefendants

5   in this case.  Dkt. 1450 at ¶ 1. On June 28, 2016, Mr. Feldman was arrested.  Dkt.

6   1450 at 1.  On October 10, 2019, Mr. Feldman pleaded guilty to a single count of

7   mail fraud in violation of 18 U.S.C. §§ 1341, 2(a)-2(b).  *Id.* at ¶¶ 2-3.  On November

8   2, 2021, this Court sentenced Mr. Feldman to time served, six months of home

9   detention, and a fine of $5,000.  Dkt. 1652 at 5.

10       While many of the codefendants similarly pleaded guilty, seven codefendants

11  chose to proceed to a joint jury trial which started on October 16, 2019.  The trial

12  "lasted 26 days and feature[d] 43 witnesses and over 1,000 exhibits."  Dkt. 1908 at

13  26.  Mr. Feldman was one of the witnesses and provided multiple days of testimony

14  per his cooperation agreement with the government.

15       At the close of evidence, defendants Jonathan Brightman, Leah Johnson,

16  James Milheiser, Francis Scimeca, Sharon Virag, Tammi Williams, and Gilbert

17  Michaels (collectively "Trial Defendants") moved for a judgment of acquittal.  *Id*. at

18  10.  They argued that "even if a misrepresentation causes someone to enter into a

19  transaction she otherwise would not have entered, that alone is not sufficient to

20  constitute mail fraud[.]"  *Id*.  "[O]nly misrepresentations going to the nature of the

21  bargain, typically defined as price, quantity, or quality constitute fraud."  *Id*.  The

22  Trial Defendants' statements regarding their identity were not fraud because the

23  businesses received exactly what they paid for:  toner at an agreed upon price.

24  Thus, there was no fraud.  The Trial Defendants' motion was denied.  *Id*.

25       During closing arguments, the government defined mail fraud as "a scheme or

26  a plan to obtain money by means of false or fraudulent pretenses or statements" and

27  further stated that "when you lie to somebody on an important fact that causes them

28  to give you money, you have defrauded them. That is mail fraud in a nut shell."  *Id*.

1    at 13.  After four days of deliberations, the jury found the Trial Defendants guilty of

2    mail fraud under 18 U.S.C. § 1341 and/or conspiracy to commit mail fraud under 18

3    U.S.C. § 1349.  *Id*. at 14.

4          The seven Trial Defendants appealed.  *Id*.  On appeal, they summarized that

5    the government's case had focused on the misleading practice "that a sales company

6    representative would call a business, falsely imply that [it] was the business's

7    regular supplier of toner, and falsely state that the price of toner had increased" and

8    state that the business could lock in the old price if toner was purchased that day.

9    *Id*. at 6.  The government had contended that, if the defendant's misrepresentation

10   caused a business to part with money, it amounted to criminal fraud.  *Id*.  The Trial

11   Defendants argued that the government's fraud theory was overbroad because it did

12   not go to the heart of the bargain and "all of the businesses received the toner they

13   ordered at the agreed price."  *Id*. at 7.  Indeed, "[t]here was no evidence presented at

14   trial suggesting that any businesses did not receive the toner or that any of the toner

15   had defects."  *Id*. at 9.

16         On April 9, 2024, the Ninth Circuit issued a decision overturning the

17   convictions of all seven Trial Defendants.[1]  The Ninth Circuit agreed that the

18   government's theory of fraud was overbroad because it argued that "a conviction for

19   mail fraud requires only that a defendant make a false statement that would be

20   expected to and did cause someone to turn over money—not that the false statement

21   went to the nature of the bargain."  *Id*. at 21.  Consequently, the jury returned a

22   verdict based on a legally invalid theory.

23         In coming to its decision, the Ninth Court noted "that the right to accurate

24   information or to make an informed business decision does not constitute something

25

26   ───────────────
[1] Defendant Mr. Michaels passed away during the appeal but the Ninth Circuit
27   nevertheless instructed the District Court to "vacate the judgment against him and
     dismiss his indictment."  Dkt. 1908 at 6.
28

PETITION FOR WRIT OF ERROR CORAM NOBIS

of value under the federal criminal fraud statutes" and that deception does not amount to fraud simply because its results in money changing hands. *Id*. at 19. Indeed, "[t]he nature of the bargain requirement properly excludes from liability cases in which a defendant's misrepresentations about collateral matters may have led to the transaction but the buyer still got the product that she expected at the price she expected." *Id*. at 19-20.

On April 9, 2024, this Court was informed that the Ninth Circuit panel vacated the convictions for the Trial Defendants. Dkt. 1908. On May 1, 2024, this Court received the Mandate from the Ninth Circuit. Dkt. 1918.

On May 8, 2024, this Court held a hearing on the government's oral motion to dismiss the indictments for Brightman, Johnson, Milheiser, Scimeca, Virag, and Williams. Transcript of May 8, 2024 Hearing at 5. During the hearing, this Court asked if he should "take any action … with regard to the defendants who have pled out before trial" (*id*. at 6:8-9) and if there was "any reason why [the Court] shouldn't issue an Order to Show Cause why the convictions of all the other defendants should likely be withdrawn?" *Id*. at 7:24-8:1. The government claimed it could still make a case, but this Court seemingly disagreed and stated that "the Ninth Circuit found the government's evidence insufficient, and [the government doesn't] get a do-over regardless of what the theory is. [The Ninth Circuit] very clearly said the evidence was insufficient." *Id*. at 6:20-25. In addition, the Court expressed its discomfort stating that "I find it very difficult that today's session will close with none of the defendants who went to trial being found to be convicted felons while the others remain convicted felons." *Id*. at 8:23-9:3.

This Court granted the government's motion to dismiss the indictments for Brightman, Johnson, Milheiser, Scimeca, Virag, and Williams, and ordered their judgment and commitment orders vacated. Dkt. 1928. This Court also ordered the clerk to refund special assessment fees to defendants Scimeca, Milheiser, Brightman, and Williams. Dkts. 1930-1932, 1934.

PETITION FOR WRIT OF ERROR CORAM NOBIS

## IV.   LEGAL STANDARD

The writ of error coram nobis provides a remedy to attack a legally or constitutionally defective conviction after the petitioner has served his sentence and is no longer in custody. *United States v. Morgan*, 346 U.S. 502, 511 (1954); *Estate of McKinney v. United States*, 71 F.3d 779, 781 (9th Cir. 1995).

Under 28 U.S.C. § 1651(a), federal courts are endowed with "broad equitable powers to order relief under a writ of error coram nobis" when necessary to achieve justice. *United States v. Hansen*, 906 F. Supp. 688, 692 (D.D.C. 1995) When deciding a coram nobis petition, courts consider the following: "(1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character." *Hirabayashi v. United States*, 828 F.2d 591, 604 (9th Cir. 1987); *see also United States v. Chan*, 792 F.3d 1151, 1153 (9th Cir. 2015).

## V.   ARGUMENT

Mr. Feldman meets all the requirements to have his sentence overturned through this writ of error coram nobis.

### A.   A Writ of Error Coram Nobis Is Mr. Feldman's Only Available Avenue for Relief

Mr. Feldman easily satisfies the first requirement. He is not in custody and has completed his sentence. He is ineligible for the more traditional habeas corpus remedy under 28 U.S.C. § 2255. *Morgan*, 346 U.S. at 512-513 (determining that coram nobis relief is available after the completion of a sentence because "the results of the conviction may persist"); *see also United States v. Kwan, 407 F.3d 1005, 1014 (9th Cir. 2005)*; *Hansen*, 906 F. Supp. at 693 ("While 28 U.S.C. § 2255 provides the exclusive remedy for a prisoner to attack a conviction while 'in custody' serving the sentence resulting from that conviction,… the writ of error coram nobis is the proper remedy after the sentence has been served"); *United States*

PETITION FOR WRIT OF ERROR CORAM NOBIS

*v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004) (discussing what it means to be "in custody" and noting that writ of coram nobis is available to petitioners no longer in custody).

**B.    Mr. Feldman Could Not Have Attacked the Conviction On This Basis Before April 2024**

"Because a petition for writ of error coram nobis is a collateral attack on a criminal conviction, the time for filing a petition is not subject to a specific statute of limitations." *Telink, Inc. v. United States*, 24 F.3d 42, 45 (9th Cir. 1994).  The petitioner is not required to attack a conviction at the earliest opportunity; he need only establish "valid or sound reasons explaining why" the challenge was not presented earlier.  *Kwan*, 407 F. 3d at 1012.

Here, Mr. Feldman did not delay in bringing this writ before the Court's attention.  He is bringing this petition within a few months of the Ninth Circuit's April 2024 determination that the government's fraud theory was legally valid.  Dkt. 1908 at 7.  Given the recent decision, Mr. Feldman had valid reasons for not attacking his conviction before the Ninth Circuit issued its opinion.

**C.    Mr. Feldman Is Subject to Adverse Consequences From This Erroneous Felony Conviction**

The Supreme Court previously acknowledged that it is an "obvious fact of life that most criminal convictions do in fact entail adverse legal consequences." *Sibron v. New York*, 392 U.S. 40, 55 (1968).  A petitioner can further establish that he is facing adverse consequences by "demonstrat[ing] that he is suffering civil disabilities as a consequence of the criminal conviction[.]" *Hansen*, 906 F. Supp. 688, 693 (D.D.C. 1995).

In this case, Mr. Feldman is a 69-year-old individual with a felony conviction. He is suffering civil disabilities because the stigma of his felony conviction, coupled with his advanced age, would make it virtually impossible for Mr. Feldman to obtain a job.  Further, the FTC is continuing to seek civil contempt damages against

1   Mr. Feldman arguing, among other things, that the criminal conviction has a

2   collateral estoppel effect.

3       **D.    The Failure to Allege or Charge Any Offense Is of the Most
                Fundamental Character Because Mr. Feldman's Acts Were Not

4               Criminal**

5       As established by the recent Ninth Circuit ruling on the Trial Defendants'

6   appeal, Mr. Feldman pled guilty to acts that were not a crime.  The plea agreement

7   did allege misrepresentations, but none of the alleged misrepresentations could have

8   supported a fraud claim because none of them went to the benefit of the bargain.

9   Indeed, all the businesses who ordered toner received the agreed quantity of toner at

10  the agreed upon price.  Given that there was no fraud alleged at any point, the error

11  was of a fundamental character and Mr. Feldman would not have pled guilty if the

12  case law was clear that fraud could not lay from the government's allegations.

13      The Ninth Circuit opinion applies directly to the fraud theory asserted in Mr.

14  Feldman's plea agreement.  The Court described that the government had put in

15  evidence that the ISCs had a "price increase pitch" and "regular supplier pitch," the

16  former in which ISCs claimed that the price was about to increase but the regular

17  price could be locked in with an immediate order, and the latter in which an ISC

18  claimed to be a company's regular supplier but was not.  Dkt. 1980 at 27.  The Ninth

19  Circuit found that these alleged misrepresentations did not amount to mail fraud

20  because they did not go to the nature of the bargain.  *Id.* at 19-20, 23.

21      These are the same misrepresentations alleged in the factual basis of Mr.

22  Feldman's plea agreement.  Dkt. 830 at 13 ("consumers frequently stated… that the

23  [independent] sales company had misrepresented to the consumer that the sales

24  company was the consumer's usual supplier and/or that the price was going up.")

25  Notably, Mr. Feldman was not accused of participating in such misrepresentations

26  himself, but only of being "aware of a high probability that the [ISCs] were making

27  such representations." *Id*. at 12.  Because Mr. Feldman's conviction was based on

28  the same flawed fraud theory that the Ninth Circuit rejected as to Mr. Michaels and

WAYMAKER

8

1  the convicted salespeople (who actually made the misrepresentations), his

2  conviction also should be vacated.

3  **VI.    CONCLUSION**

4       Of over 20 codefendants charged in this case, Defendant Jerry Feldman was

5  determined to be the "least culpable" defendant, yet he is forced to carry a felony

6  conviction for the remainder of his life while seven more culpable defendants had

7  their convictions vacated.  This is not just or equitable.  To rectify this injustice, Mr.

8  Feldman respectfully requests that this Court grant his petition for writ of error

9  coram nobis, vacate his conviction for the reasons stated above, and refund any fines

10  he paid including the $5,000 penalty.

11

12  DATED:  July 8, 2024                    WAYMAKER LLP

13

14

15                                    By:   /s/ Keri Curtis Axel

16                                          KERI CURTIS AXEL
                                            *Attorneys for Defendant Jerry P. Feldman*

17

18

19

20

21

22

23

24

25

26

27

28